IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FORD MOTOR COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>DARWISH AUTO GROUP, LLC; DARWISH GENERAL CORP; WD ADAMS 2, LLC, d/b/a Wally's Ford of Adams; WD EAST GREEN, LLC, d/b/a Wally's Ford of East Greenbush; WD NELL 3, LLC, d/b/a Wally's Ford of Nelliston; WD SENECA, LLC, d/b/a Wally's Ford of Seneca Falls; WALID DARWISH,<br><br>    Defendants. | Case No. 7:24-CV-01308-CS |

## [PROPOSED] PROTECTIVE ORDER

In order to preserve and maintain the confidentiality of certain confidential, commercial and/or proprietary documents and information produced or to be produced by in the above matter, it is ordered that:

1.   This Protective Order shall govern all methods for the exchange of confidential information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and information produced in any other form in response to discovery conducted in this case, and as part of any motions, briefs or other filings.  This Protective Order shall not apply to the exchange of information between the parties in the regular course of business unless such documents are designated as Confidential or Restricted Confidential under this Protective Order. Confidential Information includes copies, excerpts, and summaries of Confidential Information.

1

2. As used in this Protective Order, the term "document" shall be synonymous in meaning and equal in scope to the usage of this term in the Federal Rules of Civil Procedure.

3. Information designated as CONFIDENTIAL INFORMATION shall be such sensitive research, development, trade secret, private, personal, consumer, commercial, financial or proprietary information in the possession of any party that is generally unavailable to others in the industry or to the public, and not readily determinable from public sources. Each party agrees that the designation of material as confidential shall be made only after a good faith determination that the material in fact constitutes CONFIDENTIAL INFORMATION. CONFIDENTIAL INFORMATION shall not be disclosed or used for any purpose except in connection with the prosecution or defense of this litigation, including any appeals.

4. CONFIDENTIAL INFORMATION shall not, without the consent of the party producing it or further Order of the Court, be disclosed to any person, except that such information may be disclosed to:

    a. Attorneys for the parties in this action;

    b. Persons regularly employed by the law firms of such attorneys, whose assistance is required by said attorneys in the prosecution or defense of this litigation;

    c. Expert witnesses and non-attorney consultants, and their employees, retained by a party or counsel in connection with these proceedings, to the extent such disclosure is necessary for the prosecution or defense of this litigation including, without limitation, any depositions, formulation of opinions, preparation of expert reports, or for motions, hearings or for the trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of the parties;

    d. Employees of the producing party;

    e. In-house counsel for the parties and their assistants, paralegals or other persons associated with in-house counsel, whose assistance is required by said attorneys in the defense of this litigation;

      f.      A vendor hired by a party or its attorney to host data and maintain a database of electronic data or perform other work related to the collection, review or production of documents in the case;

      g.      Persons noticed for deposition or designated as trial witnesses during the course of or in preparation for deposition or testimony in this action as necessary for the prosecution or defense of this litigation, but they may not retain them; and

      h.      The Court and Court personnel, including court reporters at proceedings in this action.

5.      Any Confidential Discovery Material which a party believes should not be disclosed to a director, officer, or employee of any other party(s), except as provided below, may be designated "Restricted Confidential." Each party agrees that the designation of material as Restricted Confidential shall be made only after a good faith determination that the material in fact constitutes Restricted Confidential Information. The parties contemplate that the RESTRICTED CONFIDENTIAL INFORMATION shall include particularly sensitive competitive data, including financial information of non-parties. RESTRICTED CONFIDENTIAL INFORMATION shall not be disclosed or used for any purpose except in connection with the prosecution or defense of this litigation, including any appeals. RESTRICTED CONFIDENTIAL INFORMATION produced in this case, and copies thereof, and the information contained therein, shall not be disclosed to any person, except that such documents and information may be disclosed to:

      a.      Attorneys for the parties in this action;

      b.      Persons regularly employed by the law firms of such attorneys whose assistance is required by said attorneys in the prosecution or defense of this litigation;

      c.      Expert witnesses and non-attorney consultants retained by a party or counsel in connection with these proceedings, to the extent such disclosure is necessary for the prosecution or defense of this litigation including, without limitation, any depositions, formulation of opinions, preparation of expert reports, or for motions, hearings or for the trial of this case, provided

3

          that no disclosure shall be made to any individual who is employed by or a performs work for the parties or a competitor of the parties;

    d.    Employees of the producing party;

    e.    The Court and the court's staff, including court reporters; and

    f.    A vendor hired by a party or its attorney to host data and maintain a database of electronic data or perform other work related to the collection, review or production of documents in the case.

6.    Prior to disclosing any CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION produced by the other party or a third party to any person listed in Paragraph 4(c), 4(d), 4(f), or 5(c) to any person listed above, counsel shall provide such person with a copy of this Protective Order, instruct such person to read this Protective Order and obtain from such person a written acknowledgment, in the form attached hereto as <u>Exhibit A</u>, stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgements shall be retained by counsel and may be made available to opposing counsel after the litigation concludes upon request for good cause shown. If such person does not agree to be bound by this Protective Order, disclosure of CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL is prohibited, absent an Order of the Court. In the event information designated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL has been disclosed prior to such designations, then the person(s) to whom the information has been previously disclosed shall sign the acknowledgement attached as <u>Exhibit A</u>, and thereafter agrees not to disclose such information except as provided under this Protective Order.

7.    The parties shall designate CONFIDENTIAL INFORMATION and RESTRICTED CONFIDENTIAL INFORMATION as follows:

    a.    In the case of documents, things, interrogatory answers, responses to requests for admissions and information contained therein, designation shall be made by

stamping the legend "Confidential" at the time of production or other means of designation as agreed upon by the parties.

      b.      Items designated as "Restricted Confidential" pursuant to paragraph 5 shall be so indicated by stamping the legend "Restricted Confidential" at the time of production.

      c.      Inadvertent failure to designate a document as "Confidential" or "Restricted Confidential" may be corrected by supplemental written notice given as soon as practical.

8.      To the extent that CONFIDENTIAL INFORMATION or information obtained therefrom are used in written discovery or in the taking of depositions (including exhibits) or other pretrial discovery or testimony and/or used as exhibits at trial, such documents or information shall remain subject to the provisions of this Order, including any transcript pages of the deposition testimony and/or trial testimony dealing with, referring to or referencing the CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION. Designation of the portion of the transcript (including exhibits) which contains references to CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION shall be made (i) by a statement to such effect on the record during the proceeding in which the testimony is received, or (ii) by written notice served on counsel of record in this litigation within thirty (30) business days after the receipt of the draft or final transcript (whichever is received earlier) of such proceeding (as used herein, the term "draft transcript" does not include an ASCII or rough transcript). However, before such thirty (30) day period expires, all testimony, exhibits and transcripts of depositions or other testimony shall be treated as RESTRICTED CONFIDENTIAL INFORMATION. All portions of transcripts not designed as RESTRICTED CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION within the time frame provided herein shall be deemed not confidential. The party disclosing CONFIDENTIAL INFORMATION or

RESTRICTED CONFIDENTIAL INFORMATION shall have the right to exclude from attendance at the deposition during such time as the CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION is to be disclosed any person other than the deponent and the persons identified in paragraphs 4 and 5 above.

      a.    In the event the producing party elects to produce documents and things for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of this initial inspection, all documents and things will be considered as stamped "Restricted Confidential." Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark the copies of such documents as may contain protected subject matter with the appropriate confidentiality marking at the time the copies are produced to the inspecting party.

      b.    If a deposition transcript is filed and if it contains CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION, the transcript shall bear the appropriate legend on the caption page.

8.    This Protective Order applies to CONFIDENTIAL INFORMATION and RESTRICTED CONFIDENTIAL INFORMATION revealed by or included within discovery, including without limitation, depositions, interrogatory answers and documentary production or contained in motions, affidavits, briefs or other documents submitted to the Court. All documents that are filed with the Court that contain any portion of any CONFIDENTIAL INFORMATION and RESTRICTED CONFIDENTIAL INFORMATION shall be filed using applicable procedures seeking to prevent public disclosure, including, if possible, filing under seal by following the protocols for sealed filings in this Court. The parties agree that there is good cause and there exist compelling reasons to seal the requested information or keep the Confidential Information from

public disclosure. However, if a party believes that documents designated as CONFIDENTIAL INFORMATION and RESTRICTED CONFIDENTIAL INFORMATION cannot or should not be sealed, pursuant to the protocols and rules in this Court, then the party wishing to file the materials shall particularly identify the documents or information that it wishes to file to all parties and their undersigned attorneys, in writing. The parties will then meet and confer, in a good faith effort to resolve the dispute. Failing agreement, the party wishing to file the materials must request a ruling from the Court on whether the CONFIDENTIAL INFORMATION and RESTRICTED CONFIDENTIAL INFORMATION in question must be submitted under seal. The designating party shall have the burden of justifying that the materials must be submitted under seal or otherwise submitted in a manner to prevent public disclosure. Absent written permission from the designating party or an Order of the Court denying a motion to seal, a receiving party may not file in the public record any CONFIDENTIAL INFORMATION and RESTRICTED CONFIDENTIAL INFORMATION.

9. If a receiving party disagrees with the CONFIDENTIAL or RESTRICTED CONFIDENTIAL INFORMATION designation of any document or information, the party will notify the producing party in a written letter and identify the challenged document(s) with specificity, including Bates-number(s) where available, and the specific grounds for the objection to the designation. If the parties are unable to resolve the issue of confidentiality or the type of confidentiality (e.g., RESTRICTED CONFIDENTIAL INFORMATION) regarding the challenged document(s), the complaining party may timely apply to set a hearing for the purpose of establishing whether the challenged document(s) or information is/are confidential or that level of confidential designation is/are appropriate. The designating party will bear the burden to establish that the challenge documents are properly designated as Confidential or Restricted Confidential.

CONFIDENTIAL or RESTRICTED CONFIDENTIAL INFORMATION will continue to be treated as confidential in accordance with the designation made pending determination by the Court as to the confidential status.

10. Designating parties are not restricted from filing materials they have produced on the public docket or with the Court in unredacted form, though doing so waives any confidentiality previously claimed unless the Designating Party seeks relief from the Court to remove confidential information that was filed from the public docket. If the designating party files its own documents in a public manner and does not subsequently seek relief from the Court to remove those documents from the public record, all parties may use such documents as though no confidentiality label applied.

11. In the event that a party inadvertently produces a confidential document without a confidentiality designation as permitted by this Order, the following procedures shall apply:

    a. The producing party shall, within fourteen (14) days of the discovery of the disclosure, notify the other party in writing. The party receiving such notice shall promptly destroy the document, including any copies it has, or return the document on request of the producing party. Within ten (10) days after such document is returned or its destruction certified, the producing party will produce a new version of any such document that was returned or destroyed, which will contain the appropriate confidentiality designation.

    b. If the receiving party disputes the producing party's claim of confidentiality, that party may move the Court to challenge the confidential designation in accordance with Paragraph 9 of this Order. If the receiving party elects to file such a motion, the receiving party may retain possession of the document, but shall treat it in accordance with the terms of the Protective Order pending resolution of the motion. If the

receiving party's motion is denied, the parties shall promptly comply with Paragraph 18(a) of this Order.

  c. The production of such document does not constitute a waiver of any claim of confidentiality as set forth in this order or any other matter in any other jurisdiction, unless otherwise ordered by the Court.

11. The parties may disclose and produce responsive documents to each other in this litigation, and seek to do so without risking waiver of any attorney-client privilege, work product or other applicable privilege or protection.  As such, the parties will adhere to the following procedures with regard to the production of privileged or protected material, should that occur:

  a. The production of documents (including both paper documents and electronically stored information or "ESI") subject to protection by the attorney-client and/or work product doctrine or by another legal privilege protecting information from discovery, shall not constitute a waiver of any privilege or other protection, provided that the producing party notifies the receiving party, in writing, of the production after its discovery of the same.

  b. If the producing party notifies the receiving party after discovery that privileged materials (hereinafter referred to as the "Identified Materials") have been produced, the Identified Materials and all copies of those materials shall be returned to the producing party or destroyed or deleted, on request of the producing party.  The producing party will provide a privilege log providing information upon request or if required by the Federal Rules of Civil Procedure and applicable case law to the receiving party at the time the producing party provides the receiving party notice of the Identified Materials.  If the receiving party has any notes or other work product reflecting the contents of the Identified

9

Materials, the receiving party will not review or use those materials unless a court later designates the Identified Materials as not privileged or protected.

      c.      The Identified Materials shall be deleted from any systems used to house the documents, including document review databases, e-rooms and any other location that stores the documents. The receiving party may make no use of the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents have been designated by a court as not privileged or protected.

      d.      The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made. The receiving party must take reasonable steps to retrieve the Identified Materials if the receiving party disclosed the Identified Materials before being notified.

      e.      If any receiving party is in receipt of a document from a producing party which the receiving party has reason to believe is privileged, the receiving party shall in good faith take reasonable steps to promptly notify the producing party of the production of that document so that the producing party may make a determination of whether it wishes to have the documents returned or destroyed pursuant to this Stipulation and Order.

      f.      The party returning the Identified Materials may move the Court for an order compelling production of some or all of the Identified Material returned or destroyed, but the basis for such motion may not be based on the fact or circumstances of the production.

      g.      The disclosure of Identified Materials in this action is not a waiver of the attorney-client privilege, work product doctrine or any other asserted privilege in any other federal or state proceeding, Rule 502(d), Federal Rules of Evidence.

12. In the event that either party receives a third-party subpoena or other form of legal process requesting CONFIDENTIAL or RESTRICTED CONFIDENTIAL INFORMATION, the party receiving such request will provide the other party or party's counsel of record in this matter with written notice by e-mail or hand delivery that such a request was received and provide a copy of the request with the written notice.  The party receiving the third-party subpoena or other form of legal process shall provide notice by e-mail or hand delivery of the request to the other party within seven  business days of receiving the subpoena and shall not produce the requested documents or information for at least ten business days after giving such notice, unless the other party states in writing that it does not intend to seek protection in connection with the third party subpoena or other form of legal process concerning the CONFIDENTIAL or RESTRICTED CONFIDENTIAL INFORMATION..  If the subpoena requires production of CONFIDENTIAL or RESTRICTED CONFIDENTIAL INFORMATION in less than fifteen days, the party must provide written notice by e-mail immediately.

13. Within 120 days after the final conclusion of all aspects of this litigation, all documents labeled "Confidential" and "Restricted Confidential," including all copies, extracts and summaries and all documents containing information taken therefrom, shall either be returned to the party or person that produced such documents, or securely destroyed and certification of such destruction made within 150 days after the conclusion of this matter.

14. The terms of this Protective Order shall survive any settlement, discontinuance, dismissal, judgment or other disposition of the above-entitled action.  This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.  This Protective Order may be

modified by further Order of the Court upon application to the Court with notice and opportunity to be heard to the parties hereto.

15. Each person to whom the documents are exhibited and/or the information contained therein is disclosed hereby submits himself or herself to the jurisdiction of the Court over his or her person, wherever he or she shall be, for the enforcement of this Protective Order.

16. Nothing in this Protective Order shall affect any matter of attorney-client privilege, work product protection, or any other privilege or immunity, which matters shall be governed by the applicable law of privilege or immunity. To the extent, however, that documents claimed to be protected from discovery on the grounds of such privilege or immunity are held by this Court not to be so protected, the terms of this Protective Order shall govern any CONFIDENTIAL INFORMATION contained in such documents.

17. This Stipulation and Protective Order may be executed and filed by the parties, through their counsel, in counterparts.

18. This Order shall be binding upon any future party to this litigation. The parties to the above-captioned matter, through their respective counsel, expressly agree to the terms of this Stipulation and Protective Order and consent to its form and entry.

19. In order to permit discovery to proceed without further delay, the parties agree that this Stipulation and Protective Order shall apply and be enforceable from the date on which the parties have consented to this Stipulation and Protective Order with respect to all discovery in this matter, including materials produced at any time after the commencement of this case.

SO ORDERED, this __13th__ day of __September__, 2024.

*Cathy Seibel* __U.S.D.J.__

12

## **EXHIBIT A**

**AFFIDAVIT OF** _____, being duly sworn and personally appearing before the undersigned attesting officer, duly authorized by law to administer oaths, deposes and says that the within statements are true and correct:

1.

I have read the Agreed Protective Order attached hereto, and I understand its terms and meanings.

2.

I agree that my signature below submits me to the jurisdiction of the United States District Court in the above captioned case and binds me to the provisions of the Agreed Protective Order, including to all promises undertaken in the Order, as if originally agreed by me.

Further Affiant sayeth not.

This _____ day of _____, 2024.

_____
**AFFIANT**

SUBSCRIBED AND SWORN to before me

this ____ day of _____, ____.


_____

NOTARY PUBLIC

Name:_____

No.:_____

My Commission Expires: _____